IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEGRANE LENOX**                                                                                         **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 1:13-cv-496-MTP**

**DEREK MINGO and**
**ACQUANETTA DANIELS**                                                                        **DEFENDANTS**

### OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the Court finds that this case should be dismissed and that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

### BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at Marion-Walthall Regional Correctional Facility in Columbia, Mississippi. Plaintiff is currently incarcerated at Walnut Grove Correctional Facility in Walnut Grove, Mississippi. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Plaintiff alleges that in February, 2012, Defendant Acquanetta Daniels issued him a Rule Violation Report ("RVR") for failing a drug test. Plaintiff tested positive for Tetrahydrocannabinol ("THC.") Plaintiff concedes that he used marijuana prior to the drug test and does not dispute the accuracy of the test. Instead, Plaintiff complains that the RVR issued against him states that Defendant Daniels administered the drug test, but she did not administer the test. Plaintiff claims that this violated prison policy. Additionally, Plaintiff complains that prison officials had no reasonable suspicion to administer the drug test and that the proper form articulating the officer's reasonable suspicion was not submitted as required by prison policy.

Plaintiff alleges that Defendant Derek Mingo, as a major at the prison, was in charge of correcting mistakes made during the issuing of RVRs. Plaintiff alleges that he called Defendant Mingo as a witnesses during the disciplinary hearing on his RVR. According to Plaintiff, Defendant Mingo should have dismissed Plaintiff's RVR because of the procedural errors. Instead, Plaintiff was allegedly found guilty at the hearing and, as a result, lost ninety days of privileges, including commissary, telephone, and visitation privileges. Additionally, the RVR caused Plaintiff to be reclassified to a more restrictive custody level.

As relief, Plaintiff seeks to have the RVR expunged from his institutional record. Plaintiff also seeks compensatory damages in the approximate amount of $800.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

Plaintiff's allegations amount to a claim against Defendants for violations of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767 (holding that an inmate's 30 day commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010) (determining that loss of telephone and visitation privileges did not rise to a level of constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009)

3

(finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found guilty of a disciplinary charge did not implicate the protections of the due process clause).

Regardless of whether Defendants provided Plaintiff adequate process or adhered to all applicable prison policies, Plaintiff's liberty interests were not infringed upon by the punishment he received as a result of the RVR.  Under the allegations of the instant civil action, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing ninety days of privileges and being reclassified to a more restrictive custody level.  Thus, Plaintiff has not suffered a violation of his due process rights cognizable under Section 1983.

## CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted.  Therefore, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.  The dismissal shall count as a strike pursuant to Section 1915(g).

SO ORDERED this the 20th day of February, 2015.

s/ Michael T. Parker
United States Magistrate Judge